940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gorman SHEPHERD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-5399.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 1
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HOLSCHUH,* Chief District Judge.
 
 ORDER
 
 2
 Gorman Shepherd, a pro se social security claimant, appeals the district court's order affirming the Secretary's denial of disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Shepherd filed his application alleging a back injury since August 3, 1987. Following a hearing, the administrative law judge (ALJ) determined that Shepherd was not disabled because he retained the residual functional capacity to perform a significant number of jobs in the regional and national economy. The Secretary denied Shepherd's request for review of the ALJ's decision and Shepherd sought judicial review. The district court granted defendant's motion for summary judgment, finding substantial evidence to support the Secretary's decision. Upon review we affirm.
 
 
 4
 Although a treating physician's opinion is entitled to substantially greater weight than that of a non-examining medical physician who only saw Shepherd once, Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir.1983), his conclusion of disability does not determine the ultimate issue. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). A treating physician's opinion can be rejected where there is substantial evidence to the contrary. See Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987) (per curiam). The ALJ took into consideration the opinions of Shepherd's treating physicians in addition to the opinions of other doctors who discussed Shepherd's limitations and ability to work.
 
 
 5
 In making his determination of disability, the ALJ also considered the testimony of a vocational expert (VE) and his answers to interrogatories. The ALJ posed a hypothetical question to the VE which accurately represented Shepherd's limitations. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987). The VE responded that a significant number of jobs existed that Shepherd could perform.
 
 
 6
 Accordingly, Shepherd's request for the appointment of counsel is denied and the judgment of the district court filed February 19, 1991 is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation